**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MARK NORTON, DASHKA LOUIS, CAROLINE MITCHELL, NANCY BARTLETT and AZILDA CORDAHI, individually and on behalf of all others similarly situated, | ) ) ) ) ) | **CIVIL ACTION NO.:** 1:22-cv-10045-MJJ |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| MASS GENERAL BRIGHAM INCORPORATED, THE BOARD OF DIRECTORS OF MASS GENERAL BRIGHAM INCORPORATED, THE INVESTMENT COMMITTEE OF MASS GENERAL BRIGHAM INCORPORATED and JOHN DOES 1-30. | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVAL OF FORM AND MANNER
OF SETTLEMENT NOTICE, AND SCHEDULING OF A FAIRNESS HEARING**

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ..............................................................................................................1

II.  BACKGROUND ..............................................................................................................2

    A.   Procedural History ..............................................................................................2

    B.   Claims for Relief ................................................................................................3

    C.   Discovery ............................................................................................................4

    D.   Settlement Negotiations ......................................................................................4

III. THE PROPOSED SETTLEMENT ..................................................................................5

IV.  THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY
    APPROVED ......................................................................................................................5

    A.   Legal Standard ....................................................................................................5

    B.   The Settlement Is Within the Range of Fairness, Reasonableness, and
       Adequacy and Also Satisfies FED. R. CIV. P. 23(e)(2) .....................................6

        1.   The Settlement is the Product of Arm's-Length Negotiations
           Between Experienced Counsel ..............................................................8

        2.   The Proposed Class was Adequately Represented by Plaintiffs and
           Class Counsel .......................................................................................10

        3.   The Settlement Provides Significant Relief to Class Members
           Through an Effective Distribution Method and Treats Class
           Members Equitably ................................................................................9

        4.   The Merits of Plaintiffs' Case and Complexity and Expense of
           Further Litigation Weigh in Favor of the Settlement ...........................10

        5.   The Terms of the Proposed Attorneys' Fees, Including Timing of
           Payment are Reasonable .......................................................................11

V.   THE PROPOSED NOTICE PLAN SHOULD BE APPROVED....................................13

VI.  CLASS CERTIFICATION IS APPROPRIATE ............................................................14

    A.   The Proposed Class Satisfies the Requirements of Rule 23(a)............................15

      1.     The Class is Sufficiently Numerous ...............................................15

      2.     There are Common Questions of Law and Fact ........................................16

      3.     Plaintiffs' Claims are Typical of the Class ................................17

      4.     Plaintiffs and Class Counsel Will Adequately Protects the Interest of the Class....................................................................................17

   B.     The Class May Be Properly Certified Under Rule 23(b)(1) ................................18

      1.     Certification Under Rule 23(b)(1)(B) is Most Appropriate ....................19

      2.     Certification is Also Appropriate Under Rule 23(b)(1)(A) ......................19

VII.   CONCLUSION...........................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abbott v. Lockheed Martin Corp*.,
No. 06-cv-701, 2015 WL 4398475 (S.D. Ill. July 17, 2015) ........................................................12

*Amchem v. Windsor*,
521 U.S 591 ...................................................................................................................................17

*Azar v. Blount Int'l, Inc.*,
No. 16-cv-0483, 2019 WL 7372658 (D. Or. Dec. 31, 2019)...........................................................7

*Beesley v. Int'l Paper Co.*,
No: 06-cv-03, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014) ............................................................12

*Bezdek v. Vibram USA Inc.*,
79 F. Supp. 3d 324 (D. Mass. 2015), *aff'd*, 809 F.3d 78 (1st Cir. 2015).......................................8

*Bowers v. Russell*,
No. 22-cv-10457, 2025 WL 342077 (D. Mass. Jan. 30, 2025).................................................15, 16

*Brotherston, et al. v. Putnam Investments, LLC, et al.*,
No. 15-cv-13825 (D. Mass. Apr. 6, 2021) ....................................................................................12

*Brown v. The MITRE Corp*.,
No. 22-cv-10976 (D. Mass. Feb. 20, 2025) ..................................................................................12

*Cates v. Trustees of Columbia Univ*.,
No. 16-cv 06524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021) ..................................................12

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship*,
100 F.3d 1041 (1st Cir. 1996) ....................................................................................................6, 7

*Clark v. Duke Univ*.,
No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019) ..................................................12

*Clough v. Revenue Frontier, LLC*,
No. 17-cv-411, 2019 WL 2527300 (D.N.H. June 19, 2019) ........................................................16

*Cohen v. Brown Univ.*,
16 F.4th 935 (1st Cir. 2021)..........................................................................................................17

*In re Delphi Corp. Securities, Derivative*,
248 F.R.D. 483 (E.D. Mich. 2008) ........................................................................................10, 11

iii

*Diaz v. BTG Int'l Inc.*,
No. 19-cv-1664, 2021 WL 2414580 (E.D. Pa. June 14, 2021)............................................*Passim*

*Evans v. Akers*,
534 F.3d 65 (1st Cir. 2008)............................................................................................18

*Filho v. OTG Mgmt., LLC*,
No. 19-cv-8287, 2024 WL 95869 (S.D.N.Y. Jan. 9, 2024) ............................................13

*Ford v. Takeda Pharms. U.S.A., Inc.*,
No. 21-cv-10090, 2023 WL 3679031 (D. Mass. Mar. 31, 2023) ..................................10

*Garcia-Rubiera v. Calderon*,
570 F.3d 443 (1st Cir. 2009)....................................................................................14, 17

*Gordan v. Massachusetts Mut. Life Ins. Co.*,
No. 13-cv-30184, 2016 WL 11272044 (D. Mass. Nov. 3, 2016) ..................................12

*Greenspun v. Bogan*,
492 F.2d 375 (1st Cir.1974)............................................................................................14

*Griffin v. Flagstar Bancorp, Inc.*,
No. 10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ...........................7, 12

*Hawkins v. Cintas Corp.*,
No. 19-cv-1062, 2024 WL 3982210 (S.D. Ohio Aug. 27, 2024) ............................11 ,13

*Hill v. State Street Corp.*,
No. 09-cv-12146, 2015 WL 127728 (D. Mass. Jan. 8, 2015).......................................14

*Hochstadt v. Bos. Sci. Corp.*,
708 F. Supp. 2d 95 (D. Mass. 2010) ...............................................................15, 17 ,18, 19

*Jones v. Novastar Financial, Inc.*,
257 F.R.D. 181 (W.D. Mo. 2009)...................................................................................20

*Karpik v. Huntington Bancshares, Inc.*,
No. 17-cv-1153, 2021 WL 757123 (S.D. Ohio Feb. 18, 2021) .......................................7

*Kelly v. Johns Hopkins Univ.*,
No. 16-cv-2835, 2020 WL 434473 (D. Md. Jan. 28, 2020).........................................12

*LaLonde v. Textron, Inc.*,
369 F.3d 1 (1st Cir. 2004)..............................................................................................10

*Lucas v. MGM Resorts Int'l,*
724 F. Supp. 3d 1142 (D. Nev. 2024)......................................................................................11

*In re Lupron Mktg. & Sales Practices Litig.,*
228 F.R.D. 75 (D. Mass. 2005)..............................................................................................5

*McDonald v. Edward Jones,*
791 Fed. Appx. 638 (8th Cir. 2020) ......................................................................................12

*McDonald v. Lab'y Corp. of Am. Holdings,*
No. 22-cv-680, 2024 WL 4513580 (M.D.N.C. Oct. 17, 2024)..................................................19

*Moreno v. Deutsche Bank Americas Holding Corp.,*
No. 15-cv-9936, 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) ..................................................16

*Nesbeth v. ICON Clinical Rsch. LLC,*
No. 21-cv-1444, 2022 WL 22893879 (E.D. Pa. Mar. 10, 2022) ..................................................9

*New England Biolabs, Inc. v. Miller,*
No. 20-cv-11234, 2022 WL 20583575 (D. Mass. Oct. 26, 2022) ......................................9, 10, 13

*Parent/Prof'l Advocacy League v. City of Springfield,*
934 F.3d 13 (1st Cir. 2019)...................................................................................................16

*Pledger v. Reliance Trust Co.,*
No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021) ..................................................12

*Rapuano v. Trs. of Dartmouth Coll.,*
334 F.R.D. 637 (D.N.H. Jan. 29, 2020) .........................................................................1, 7, 14

*Roberts v. TJX Companies, Inc.,*
No. 13-cv-13142, 2016 WL 8677312 (D. Mass. Sept. 30, 2016)..................................................7

*Sacerdote v. New York Univ.,*
No. 16-cv-6284, 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) ..................................................18

*In re Schering-Plough Corp. Enhance ERISA Litig.,*
No. 08-cv-1432, 2012 WL 1964451 (D.N.J. May 31, 2012)..........................................10, 15, 18

*Tracey v. MIT,*
No. 16-cv-11620, 2018 WL 5114167 (D. Mass. Oct. 19, 2018) ..................................................18

*Vellali v. Yale Univ.,*
333 F.R.D. 10 (D. Conn. 2019)...............................................................................................19

*Waldner v. Natixis Inv. Managers, L.P.*,
No. 21-cv-10273, 2023 WL 3466272 (D. Mass. Mar. 24, 2023),
*R. & R. adopted*, No. 21-cv-10273, 2023 WL 3467112 (D. Mass. May 15, 2023)...............*Passim*

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ...........................................................................................................16

*Wright v. S. N.H. Univ.*,
565 F. Supp. 3d 193 (D.N.H. 2021) .................................................................................*Passim*

## STATUTES

28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ......................................................................20

29 U.S.C. § 1001 ...................................................................................................................1

29 U.S.C. § 1104(a) ..............................................................................................................2

29 U.S.C. § 1104(a)(1) ........................................................................................................20

FED. R. CIV. P. 23 ..........................................................................................................17, 20

FED. R. CIV. P. 23(a) .......................................................................................14, 15, 16, 17

FED. R. CIV. P. 23(a)(1) ......................................................................................................16

FED. R. CIV. P. 23(a)(1)-(4) ................................................................................................14

FED. R. CIV. P. 23(a)(3) ......................................................................................................17

FED. R. CIV. P. 23(a)(4) ......................................................................................................17

FED. R. CIV. P. 23(b) .....................................................................................................14, 15

FED. R. CIV. P. 23(b)(1)-(3) ...............................................................................................14

FED. R. CIV. P. 23(b)(1)(A) ..........................................................................................19, 20

FED. R. CIV. P. 23(b)(1)(B) ................................................................................................19

FED. R. CIV. P. 23(c)(e)(2)(B) ...........................................................................................13

FED. R. CIV. P. 23(c)(e)(2)(C) ...........................................................................................12

FED. R. CIV. P. 23(e)(1) ......................................................................................................13

FED. R. CIV. P. 23(e)(1)(B) ...........................................................................................1, 14

FED. R. CIV. P. 23(e)(2) ........................................................................................6

FED. R. CIV. P. 23(e)(3) ........................................................................................6

FED. R. CIV. P. 23(g) ............................................................................................8

FED. R. CIV. P. 23(g)(1)(A)(i)-(iv) .......................................................................8

**Other Sources**

Class Action Fairness Act of 2005 ("CAFA") .................................................. 20

Employee Retirement Income Security Act of 1974 ...........................................*Passim*

## I.    INTRODUCTION

Representative Plaintiffs, Mark Norton, Dashka Louis, Caroline Mitchell, Nancy Bartlett, and Azilda Cordahi, (together, "Plaintiffs"), participants in the Consolidated 403(b) Program of Mass General Brigham and Member Organizations (the "Plan")[1], by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their unopposed motion for preliminary approval of the proposed Settlement of this ERISA[2] class action. Plaintiffs are pleased that after years of hard-fought litigation, they are able to present for preliminary approval a proposed settlement of $8,250,000.00. The Parties agreed to the proposed Settlement after over a year of vigorous arm's-length negotiations between counsel experienced in ERISA class actions and under the auspices of David Geronemus, Esq. of JAMS, a third-party private mediator with extensive experience mediating ERISA actions. The Parties now present the proposed Settlement for the Court's preliminary approval.[3]

"Court approval of a proposed class action settlement proceeds in two stages." *Wright v. S. N.H. Univ.*, 565 F. Supp. 3d 193, 200 (D.N.H. 2021) (citing *Rapuano v. Trs. of Dartmouth Coll.*, 334 F.R.D. 637, 642 (D.N.H. Jan. 29, 2020)). At this preliminary approval stage, "the [C]ourt must determine whether it 'will likely be able to' both: (1) certify the class for settlement purposes and (2) find that the settlement is fair, reasonable, and adequate." *Id*. (quoting FED. R. CIV. P.

---

[1] In May of 2020, the name of the Plan was changed from the Consolidated 403(b) Program of Partners HealthCare and Member Organization to its current name, the Consolidated 403(b) Program of Mass General Brigham and Member Organization. Both names will be referred to here as the "Plan."

[2] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

[3] The Settlement Agreement itself, attached to the Declaration of Mark K. Gyandoh ("Gyandoh Decl.") as Exhibit 1, has several exhibits. These exhibits are: A (Postcard Notice); B (Long Form Class Notice); C (Plan of Allocation); D (Proposed Preliminary Approval Order), E (Proposed Final Approval Order), and F (Proposed CAFA Notice). Undefined terms herein shall have the meaning ascribed to them in the Settlement Agreement.

23(e)(1)(B)). Both requirements are satisfied here. Plaintiffs believe the Settlement is a fair result, providing a substantial, immediate payment to Settlement Class members and eliminating the risks and costs of continued litigation.

Plaintiffs respectfully move this Court for an Order: (1) granting preliminary approval of the proposed Settlement Agreement, (2) approving the form and manner of providing notice of the Settlement to the proposed Settlement Class (the "Notice Plan"), (3) preliminarily certifying a Settlement Class, and (4) scheduling of a Fairness Hearing.

## II.    BACKGROUND

### A.    Procedural History

Plaintiffs commenced this action by filing a complaint on January 13, 2022. *See* ECF No. 1. The complaint alleged violations of fiduciary duties of prudence imposed by ERISA § 404(a), 29 U.S.C. § 1104(a). *See id*., ¶¶ 54-101. Defendants filed their Motion to Dismiss Plaintiffs' Complaint on April 4, 2022. *See* ECF No. 16. Plaintiffs filed their Amended Complaint on April 18, 2022 ("AC" or "Amended Complaint"). *See* ECF No. 22. Defendants filed their Motion to Dismiss Amended Complaint on May 16, 2022. *See* ECF No. 26. Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Complaint on May 31, 2022. *See* ECF No. 29. Defendants filed their Reply in Support of their Motion to Dismiss on June 17, 2022. *See* ECF No. 33. On March 15, 2023, this Court issued an Order denying Defendants' motion to dismiss. *See* ECF No. 69.

Subsequently, Defendants filed a Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and their supporting Memorandum April 17, 2023. *See* ECF Nos. 72, 73. Defendants filed their Answer to Plaintiffs' Amended Complaint on April 19, 2023. *See* ECF No. 74. Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Certify

Interlocutory Appeal on May 1, 2023. *See* ECF No. 75. Defendants filed their Reply on May 22, 2023. *See* ECF No. 78. On July 20, 2023, the Court issued its Order Denying Motion to Certify Interlocutory Appeal. *See* ECF No. 82.

On August 15, 2023, the Parties filed a Joint Motion to Stay Pending Mediation. *See* ECF No. 87. The Court granted the stay on August 15, 2023. *See* ECF No. 88. The Parties scheduled mediation before a third-party mediator, David Geronemus, Esquire, of JAMS on November 16, 2023. *See* Gyandoh Decl., ¶ 13. On November 30, 2023, the Parties filed a Joint Status Report and Motion to Extend Stay, stating they were unsuccessful in resolving the matter. *See* ECF No. 90. The Court granted the stay on December 1, 2023. *See* ECF No. 91. On January 2, 2024, the Parties filed a Joint Status Report and Motion to Extend Stay, stating that they had continued to engage in settlement discussions. *See* ECF No. 92. The Court granted the stay on January 3, 2024. *See* ECF No. 93. The Parties participated in a second scheduled mediation with David Geronemus on January 30, 2025. *See* Gyandoh Decl., ¶ 23. On February 6, 2025, the Parties filed a Joint Status Report, informing the Court that a settlement had been reached in principle. *See* ECF No 114.

**B.    Claim for Relief**

The Amended Complaint alleges a breach of the fiduciary duty of prudence against Defendants for failing to make decisions regarding the Plan's recordkeeping and administration ("RKA") fees, thus causing the Plan, and its participants, to pay unreasonable fees. *See* AC, ¶¶ 61-86. The Amended Complaint also alleges that the Mass General Brigham and the Mass General Brigham Board Defendants breached their fiduciary duties by, among other things, failing to monitor and evaluate the performance of the Investment Committee of Mass General Brigham Incorporated or have a system in place for doing so, resulting in losses to the Plan. *See id*., ¶¶ 95-

100. Defendants denied and continue to deny all of these claims and deny that they ever engaged in any wrongful conduct.

### C.    Discovery

Prior to filing the Complaint, Class Counsel engaged in substantial investigation of the potential claims in this litigation, including requesting Plan-related documents from Mass General Brigham pursuant to ERISA § 104(b)(4). *See* Gyandoh Decl., at ¶ 17. Class Counsel conducted an in-depth investigation of documents related to the administration of the Plan, including, *inter alia*, Plaintiffs' individual Plan-related documents and publicly-filed documents regarding the Plan's fees. Following the Motion to Dismiss decision, the Parties began formal discovery in earnest. In April of 2023, Plaintiffs served their first set of interrogatories, first request for production of documents, and their Rule 26(a)(1) Initial Disclosures. *See* Gyandoh Decl., at ¶ 20. On October 26, 2023, November 10, 2023, and in December of 2024 Mass General provided Plaintiffs with numerous documents for mediation purposes. *Id*., at ¶ 21.

### D.    Settlement Negotiations

The Parties attended two voluntary mediation sessions before reaching a resolution of this case, with David Geronemus, who is well-versed and experienced in mediating ERISA matters. Gyandoh Decl., at ¶¶ 22-24; *see also* curriculum vitae of Mr. Geronemus at https://www.jamsadr.com/geronemus/. The Parties first attempted to settle this matter on November 16, 2023, with the Parties exchanging mediation memoranda with each other and Mr. Geronemus ahead of the mediation session. *Id*., at ¶ 22. Before the second meditation, Defendants provided Plaintiffs with additional materials and the Parties provided each other and Mr. Geronemus with supplemental mediation statements. *Id*., at ¶ 23. The second mediation session was held on January 30, 2025 and resulted in a settlement in principle.

Based on the exchange of information from the first mediation session and additional materials provided by Defendants, Plaintiffs estimated their damages calculations to be between $27,771,081 and $40,709,994 – the difference between what the Plan paid in recordkeeping fees during the Class Period and what Plaintiffs believed a reasonable fee would have been. *See* Gyandoh Decl., at ¶ 24. Defendants maintained that there were no fiduciary breaches or damages because they discharged their duties prudently throughout the class period and the Plan paid only reasonable fees for RKA services at all times. *Id.*, at ¶ 24. Accordingly, this Settlement of $8,250,000.00 represents a recovery of 20 – 30 % of Plaintiffs' estimate of their maximum potential damages, which Defendants dispute. *Id.*

## III.    THE PROPOSED SETTLEMENT

The Settlement provides that Defendants and/or their insurer will pay a total maximum amount of $8,250,000.00 into a Qualified Settlement Fund to be allocated to Class Members pursuant to a Court-approved Plan of Allocation. *See* Gyandoh Decl., at ¶ 28; *id.*, at Exhibit C, Plan of Allocation (proposing a *pro rata* distribution). In exchange, Plaintiffs and the Plan will dismiss their claims, as set forth more fully in the Settlement Agreement. The Settlement Agreement also proposes to allocate no more than $2,749,725.00 (33 1/3% of the Gross Settlement Amount) for the payment of attorneys' fees and costs, and Plaintiffs' Case Contribution Awards of no more than $7,500.00 per Plaintiff. *See id.*, at ¶ 32. Both of these awards are subject to Court approval.

## IV.    THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### A.    Legal Standard

"Approval is to be given if a settlement is untainted by collusion and is fair, adequate, and reasonable." *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 93 (D. Mass. 2005).

"There is a presumption that a negotiated settlement is within the range of reasonableness '[w]hen sufficient discovery has been provided and the parties have bargained at arms-length.'" *Wright*, 565 F. Supp. 3d at 206 (quoting *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996)). Pursuant to Rule 23(e)(2), a settlement may be deemed "fair, reasonable, and adequate" only if:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3) [4]; and
>
> (D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2).

### B.    The Settlement Is Within the Range of Fairness, Reasonableness, and Adequacy and Also Satisfies FED. R. CIV. P. 23(e)(2)

As discussed below: (1) the settlement was negotiated at arm's-length during two separate mediations by experienced counsel with the assistance of an experienced mediator after significant

---

[4] Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." FED. R. CIV. P. 23(e)(3). There are no agreements, other than the Settlement Agreement itself, in this case.

litigation; (2) the class was adequately represented by the Plaintiffs and Class Counsel; and (3) the relief provided is adequate and equitable to all class members. Accordingly, this Court should grant preliminary approval of the Settlement and authorize notice to the Settlement Class.

### 1.     The Settlement is the Product of Arm's-Length Negotiations Between Experienced Counsel

A proposed class action settlement enjoys a "presumption in favor of the settlement" if "sufficient discovery has been provided and the parties have bargained at arms-length." *City P'ship Co.*, 100 F.3d at 1043; *see also Rapuano*, 334 F.R.D. at 655 (same). The Parties voluntarily negotiated the Settlement after two mediation sessions with the assistance of a neutral, reputable mediator, David Geronemus of JAMS. *See, e.g., Azar v. Blount Int'l, Inc.*, No. 16-cv-0483, 2019 WL 7372658, at *9 (D. Or. Dec. 31, 2019) (approving a settlement reached under Ms. Geronemus); *Griffin v. Flagstar Bancorp, Inc.*, No. 10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013) (same). During both sessions, the Parties exchanged damages scenarios and vigorously argued for their respective sides before finally reaching an agreement. Hence, the resulting proposed Settlement is the product of arm's-length, informed negotiations. *See Wright*, 565 F. Supp. 3d at 206 ("The court notes, first, that the presumption of reasonableness applies here. The record establishes that counsel for the parties negotiated the Agreement at arm's length, at times with the assistance of an experienced and neutral mediator, following a thorough investigation and mutual exchange of evidence."); *Roberts v. TJX Companies, Inc.*, No. 13-cv-13142, 2016 WL 8677312, at *6 (D. Mass. Sept. 30, 2016) (similar).

Moreover, preliminary approval is warranted because both Defense Counsel and "Class Counsel are skilled in class actions and ERISA litigation, and their recommendation that the Court should approve the Settlement is entitled to some deference." *Karpik v. Huntington Bancshares, Inc.*, No. 17-cv-1153, 2021 WL 757123 at *6 (S.D. Ohio Feb. 18, 2021); *see also Diaz v. BTG*

*Int'l Inc.*, No. 19-cv-1664, 2021 WL 2414580, at *8 (E.D. Pa. June 14, 2021) (appointing the undersigned as settlement Class Counsel in an ERISA case and stating that Class Counsel "appear well-qualified to weigh the risks and benefits of continued litigation as compared to the relief provided by the Settlement."). Counsel for Defendants, Morgan, Lewis & Bockius LLP, are one of the leading ERISA class action defense firms in the country[5] and do not oppose the Settlement. Thus, the Parties were clearly able "to make an intelligent judgment about settlement." *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 348 (D. Mass. 2015), *aff'd*, 809 F.3d 78 (1st Cir. 2015).

### 2.    The Proposed Class was Adequately Represented by Plaintiffs and Class Counsel

"In connection with class certification, the court must address appointment of class counsel under Federal Rule of Civil Procedure 23(g)." *Wright*, 565 F. Supp. 3d at 205. To appoint Class Counsel, Rule 23(g) directs consideration of: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(A)(i)-(iv).

In *Wright*, Rule 23(g) was met because "counsel appears to have ably identified and investigated the potential claims at issue and has successfully negotiated resolution of the parties' dispute. Moreover, counsel has significant experience in litigating class actions and other complex matters and is familiar with the legal issues raised here." *Wright*, 565 F. Supp. 3d at 206. The same is true here. Class Counsel, Capozzi Adler, has experience litigating ERISA class actions and complex matters, and has done substantial work and committed ample resources to prosecute this

---

[5] *See* www.morganlewis.com/services/erisaemployee-benefits-litigation. Last accessed August 2, 2024.

matter. *See* Gyandoh Decl., ¶¶ 34-45; *see also Nesbeth v. ICON Clinical Rsch. LLC*, No. 21-cv-1444, 2022 WL 22893879, at *4 (E.D. Pa. Mar. 10, 2022) (Capozzi Adler "has extensive experience and has worked diligently to litigate Plaintiffs' claims."); *Diaz*, 2021 WL 2414580, at *8 (similarly lauding Capozzi Adler). Class Counsel investigated this matter for months before filing suit, successfully defended against Defendants' Motion to Dismiss and Defendants' Motion to Certify Interlocutory Appeal, and ultimately achieved the proposed Settlement. *Id.*, ¶¶ 8-11.

Additionally, the Settlement Class Members also have been adequately represented by the Plaintiffs. Each Plaintiff was a former employee of Mass General Brigham Incorporated, and a Plan participant. *See* Declaration of Mark Norton ("Norton Decl."), ¶ 4; Declaration of Dashka Louis ("Louis Decl."), ¶ 4; Declaration of Caroline Mitchell ("Mitchell Decl."), ¶ 4; Declaration of Nancy Bartlett ("Bartlett Decl."), ¶ 4; and Declaration of Azilda Cordahi ("Cordahi Decl."), ¶ 4. Throughout the course of this litigation, each Plaintiff has regularly conferred with their attorneys regarding litigation updates and the settlement negotiations, and will continue to discuss in more detail the proposed Settlement. *See* Norton Decl., ¶ 6; Louis Decl., ¶ 6; Mitchell Decl., ¶ 6; Bartlett Decl., ¶ 6; Cordahi Decl., ¶ 6. The Plaintiffs have also gathered relevant documents and provided them to their attorneys throughout the litigation. *Id.*; *see also Wright*, 565 F. Supp. 3d at 203 (finding the plaintiffs were adequate representatives because they "provid[ed] pertinent documents, and assist[ed] in settlement negotiations").

### 3. The Settlement Provides Significant Relief to Class Members Through an Effective Distribution Method and Treats Class Members Equitably

"The plan for allocating settlement proceeds, like the settlement itself, should be approved if it is fair, reasonable and adequate." *New England Biolabs, Inc. v. Miller,* No. 20-cv-11234, 2022 WL 20583575, at *4 (D. Mass. Oct. 26, 2022). Here, the Settlement Agreement and Plan of Allocation provide reasonable and immediate relief for the Class. The distribution plan allocates

amounts to each participant on a *pro rata* basis, in proportion to the sum of that Class Member's Balance in the Plan's as compared to the sum of the Balance for all Class Members in the Plan. *See* Gyandoh Decl., Exhibit C, Plan of Allocation. Courts find that *pro rata* distributions are "reasonable and equitable." *New England Biolabs, Inc*., 2022 WL 20583575, at *4. Moreover, for members with active accounts, "[t]he distribution takes place through the Plan[] so as to realize the tax advantage of investment in the Plan[]." *In re Schering-Plough Corp. Enhance ERISA Litig.*, No. 08-cv-1432, 2012 WL 1964451, *6 (D.N.J. May 31, 2012). The Plan of Allocation is fair, reasonable, and adequate.

### 4.    The Merits of Plaintiffs' Case and Complexity and Expense of Further Litigation Weigh in Favor of the Settlement

The costs and risks of litigating this action further favor approval of the Settlement. Undoubtedly, "ERISA claims are complicated […] [t]he subject matter is highly technical, entailing facts about prudent investment practices, industry best practices, fiduciary practices, recordkeeping practices, and complex financial matters, requiring the use of multiple experts for both plaintiffs and defendants." *Ford v. Takeda Pharms. U.S.A., Inc.*, No. 21-cv-10090, 2023 WL 3679031, at *1 (D. Mass. Mar. 31, 2023); *see also LaLonde v. Textron, Inc*., 369 F.3d 1, 6 (1st Cir. 2004) (ERISA is an "important and complex area of law" that "is neither mature nor uniform. . ."). This case is no exception. The history of this case spans over three years, with both Parties spending significant costs and time on discovery and motion practice. *See* Gyandoh Decl., ¶¶ 3-16.  Without this settlement, the Parties would have to incur further expert, travel, court, and other costs that would both delay and reduce any recovery for Plaintiffs and the Settlement Class.

Further, although "risk is inherent in any litigation, particularly class actions[,] [t]he risk is even more acute in the complex areas of ERISA law." *In re Delphi Corp. Securities, Derivative*, 248 F.R.D. 483, 496 (E.D. Mich. 2008). In particular, "excessive recordkeeping fee cases under

ERISA, similar to this, have inherent risks that support settlement as a mechanism to resolve a legitimate legal and factual dispute." *Hawkins v. Cintas Corp.*, No. 19-cv-1062, 2024 WL 3982210, at *7 (S.D. Ohio Aug. 27, 2024) (listing cases); *see also Diaz*, 2021 WL 2414580, at *6 ("Litigating this [excessive fee] matter to verdict would have required a finder of fact to make credibility determinations on testimony offered by both fact and expert witnesses."). The summary judgment stage is particularly risky in ERISA class actions, where "Defendants could prevail with respect to certain legal or factual issues, which could result in the reduction or elimination of Plaintiffs' potential recoveries." *In re Delphi Corp.*, 248 F.R.D. at 496- 97; *see, e.g., Lucas v. MGM Resorts Int'l*, 724 F. Supp. 3d 1142 (D. Nev. 2024) (granting the Defendants' motion for summary judgement in an ERISA excessive fee case).

Here, Plaintiffs' consulting expert estimated damages relating to all of Plaintiffs' claims to be in the range of $27,771,081 to $40,709,994. *See* Gyandoh Decl., ¶ 24. Defendants vigorously rejected Plaintiffs' damages analysis, and, if any of their many arguments – on either liability, class certification, or damages - were credited by the Court, it would reduce Plaintiffs' damages significantly, if not completely. *See Wright*, 565 F. Supp. 3d at 206 ("According to the parties' representations, this amount represents approximately one third of the maximum possible damages class members may have suffered on plaintiff's view of the case, and a significantly larger proportion of maximum damages from [Defendants'] position."). This factor weighs heavily in favor of approval because without this Settlement, Plaintiffs would endure lengthy and expensive litigation at the risk of less or no recovery at all.

### 5.    The Terms of the Proposed Attorneys' Fees, Including Timing of Payment are Reasonable

The Settlement provides for a proposed maximum of 33 1/3% of the Gross Settlement Amount in attorneys' fees to be paid after the Settlement becomes final. Gyandoh Decl., at ¶ 32.

This amount is in line with analogous awards in ERISA class action cases and will likely be approved by the Court, so the requirement of Rule 23(e)(2)(C)(ii) will likely be met. *See, e.g., Brotherston, et al. v. Putnam Investments, LLC, et al.*, No. 1:15-cv-13825, slip op. (ECF No. 237) (D. Mass. Apr. 6, 2021) (affirming judgment that awarded the class counsel attorneys' fees of 1/3 of the settlement fund); *Gordan v. Massachusetts Mut. Life Ins. Co.*, No. 13-cv-30184, 2016 WL 11272044, at *2 (D. Mass. Nov. 3, 2016) (an ERISA case holding that "[a] review of criteria typically applied in determining fee awards in cases such as this one confirms that the one-third fee requested here is fair and reasonable."); *Brown v. The MITRE Corp*., No. 22-cv-10976, slip op. (ECF Nos. 113-114) (D. Mass. Feb. 20, 2025) (awarding attorneys' fees 33 1/3% of the Settlement Amount in an excessive recordkeeping fee case); *McDonald v. Edward Jones*, 791 Fed. Appx. 638, 640 (8th Cir. 2020) (affirming judgment that awarded the class counsel attorneys' fees of 1/3 of the settlement fund in an ERISA breach of fiduciary duty case); *Diaz*, 2021 WL 2414580, at *8 (awarding 33 1/3% percent of the settlement fund); *Kelly v. Johns Hopkins Univ.*, No. 16-cv-2835, 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020) (holding that "[i]n similar ERISA excessive fee cases, and in particular those brought by Class Counsel, district courts have consistently recognized that a one-third fee is the market rate[,]" and listing cases); *Cates v. Trustees of Columbia Univ.*, No. 16-cv 06524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021); *Clark v. Duke Univ.*, No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019); *Griffin*, 2013 WL 6511860, at *8, (holding that the class counsels' "requested fee is consistent with standard fee awards as a percentage of the fund in ERISA actions which typically award between 30% and 33% on a percentage of the fund fee calculation."); *Pledger v. Reliance Trust Co.,* No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021); *Abbott v. Lockheed Martin Corp*., No. 06-cv-701, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015); *Beesley v. Int'l Paper Co.*, No: 06-cv-03, 2014 WL

375432, at *4 (S.D. Ill. Jan. 31, 2014). In short, Plaintiffs' requested fee award is in line with ERISA fee awards in this Circuit and across the Nation and is justified by the complexity and risk of this litigation.

## V.    THE PROPOSED NOTICE PLAN SHOULD BE APPROVED

In addition to reviewing the substance of the Parties' Settlement Agreement, the Court must ensure that notice is sent in a reasonable manner to all class members who would be bound by the settlement. FED. R. CIV. P. 23(e)(1). The "best notice that is practicable under the circumstances" includes individual notice to all class members who can be identified through reasonable effort. FED. R. CIV. P. 23(c)(2)(B). Plaintiffs have selected Analytics LLC ("Analytics") to be the Settlement Administrator. Analytics is highly experienced in class action claims administration. *See Hawkins*, 2024 WL 3982210 at **3, 6 (approving of the work Analytics conducted in effectuating the settlement notice program); *Filho v. OTG Mgmt., LLC*, No. 19-cv-8287, 2024 WL 95869, at **2, 3 (S.D.N.Y. Jan. 9, 2024) (same). Upon preliminary approval, Analytics will mail, by first class mail, the Court-approved Class Notice to Settlement Class members using addresses from employment records and documents associated with the Plan. Analytics will administer a skip trace and receive updated address information for any notices that are returned for lack of a forwarding address and re-mail the notices to the updated addresses. Additionally, Analytics will establish a settlement website providing Settlement Class members with important case documents, pertinent information, and contact information for the Settlement Administrator, Class Counsel, and Defense Counsel. Lastly, Analytics will institute a case-specific toll-free number for members to listen to an Interactive Voice Response ("IVR") system or speak with a live agent. This type of notice is presumptively reasonable. *See New England Biolabs, Inc.,* 2022 WL 20583575, at *4 ("Notice provided by first class mail is sufficient when the names and addresses

of the class members are known."); *Rapuano*, 334 F.R.D. at 655 (first class mail and a dedicated website are sufficient).

The content of the Notice is also fair, reasonable, and adequate. The Notices include, among other things: (1) a summary of the lawsuit; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) a disclosure of the release of claims; (5) instructions regarding payment to former participants; (6) instructions as to how to object to the Settlement and a date by which Settlement Class Members must object; (7) the date, time, and location of the Final Fairness Hearing; (8) contact information for the Settlement Administrator; (9) information regarding Class Counsel and the amount that Class Counsel will seek in Attorneys' Fees; and (10) information regarding the amount of Case Contribution Awards to be paid from the Gross Settlement Amount. *See* Settlement Agreement, Exhibit A. The Notice is clearly reasonable as it "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them." *Hill v. State Street Corp.*, No. 09-cv-12146, 2015 WL 127728, at *15 (D. Mass. Jan. 8, 2015) (quoting *Greenspun v. Bogan*, 492 F.2d 375, 382 (1st Cir.1974)) (internal citations omitted).

## VI.    CLASS CERTIFICATION IS APPROPRIATE

"Rule 23(e)(1)(B) now provides that, in order to preliminarily approve the settlement, the court must find that it 'will likely be able to' certify the class for the purposes of settlement and find that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)(B)." *Rapuano*, 334 F.R.D. at 643. "To obtain certification of a class, Plaintiffs must establish the prerequisites of Rule 23(a) and fall within one of the categories of Rule 23(b)." *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 461 (1st Cir. 2009) (citing FED. R. CIV. P. 23(a)(1)-(4) and 23(b)(1)-(3)). The proposed Settlement Class should be approved because, "[i]n light of the derivative nature of

ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held." *Hochstadt v. Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 105 (D. Mass. 2010) (quoting *In re Schering Plough Corp. Erisa Litigation*, 589 F.3d 585, 604 (3d Cir. 2009)); *see also Bowers v. Russell*, No. 22-cv-10457, 2025 WL 342077, at *8 (D. Mass. Jan. 30, 2025) (same); *Waldner v. Natixis Inv. Managers, L.P.*, No. 21-cv-10273, 2023 WL 3466272, at *18 (D. Mass. Mar. 24, 2023), *R. & R. adopted*, No. 21-cv-10273, 2023 WL 3467112 (D. Mass. May 15, 2023) (same); Gyandoh Decl., Exhibit 7 (listing class certification decisions in similar cases).

The proposed Settlement Class is defined as:

> [A]ll persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

Settlement Agreement, Art. 1.48.

The Parties believe that ending the Class Period as of the date of the Preliminary Approval Order, which will occur before Class Notice goes out, allows all potential Class Members to be sent notice of the Settlement so as to satisfy due process. Additionally, addressing Class Members who may be subject to a QDRO also adds to the overall fairness of the Settlement by making sure all potential beneficiaries are accounted for. The amended class definition meets the requirements of Rules 23(a) and (b).

### A.    The Proposed Class Satisfies the Requirements of Rule 23(a)

#### 1.    The Class is Sufficiently Numerous

"No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40,

the first prong of Rule 23(a) has been met." *Wright*, 565 F. Supp. 3d at 202 (quoting *Clough v. Revenue Frontier, LLC*, No. 17-cv-411, 2019 WL 2527300, at *3 (D.N.H. June 19, 2019)). Here the 2020 Form 5500s for the Plan lists 100,165 "participants with account balances as of the end of the plan year." AC, ¶37. Thus, FED. R. CIV. P. 23(a)(1) is easily satisfied.

### 2.    There are Common Questions of Law and Fact

The Rule 23(a)(2) prong is "commonality—the rule requiring a plaintiff to show that 'there are questions of law or fact common to the class.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). The First Circuit has reiterated that "the Supreme Court explained in *Wal-Mart*, what really 'matters to class certification ... is not the raising of common 'questions' ' as much as 'the capacity of a classwide proceeding to generate common <u>answers</u> apt to drive the resolution of the litigation.'" *Parent/Prof'l Advocacy League v. City of Springfield*, 934 F.3d 13, 28 (1st Cir. 2019) (quoting *Wal-Mart*, 564 U.S. at 350; emphasis in original).

As many courts have held, commonality is easily satisfied when "Plaintiffs raise numerous questions that are capable of classwide resolution, such as whether each Defendant was a fiduciary […] [and] whether Defendants acted imprudently by failing to control recordkeeping expenses." *Waldner*, 2023 WL 3466272, at *8 (quoting *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15-cv-9936, 2017 WL 3868803, at *5 (S.D.N.Y. Sept. 5, 2017)); *see also Bowers*, 2025 WL 342077, at *4 ("key questions — such as whether Defendants acted as fiduciaries, [and] breached their fiduciary duties—[] when answered, will drive the resolution of the litigation."). Further, "the allegation that Defendants breached their fiduciary duties of loyalty and prudence concerns Defendants' management of the Plan as a whole and thus concerns the entire class. Likewise, identifying harms attributable to such failures is a class-wide inquiry." *Id*., at *10; *see also Bowers*, 2025 WL 342077, at *4 (same). In Plaintiffs' view, the same overarching questions of law and fact

16

apply here, including whether Defendants breached fiduciary duties owed to the Plan and its participants by failing to monitor or control the compensation paid for recordkeeping services and whether the Plan's fees were reasonable. *See* AC, ¶ 39.

### 3. Plaintiffs' Claims are Typical of the Class

FED. R. CIV. P. 23 (a)(3)'s "typicality" prong is satisfied when 'Plaintiffs' claims arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and . . . are based on the same legal theory.'" *Garcia-Rubiera*, 570 F.3d at 460 (citations omitted); *see also Hochstadt*, 708 F. Supp. 2d at 103 (same). However, "[t]ypicality does not require that all putative class members share 'identical claims.'" *Waldner*, 2023 WL 3466272, at *10 (citations omitted). Plaintiffs believe they satisfy the typicality prong of Rule 23 because they all paid the allegedly excessive RKA fees from their "Plan account during the Class Period[,]" and thus, "for purposes of settlement only[,]" Plaintiffs' claims "are sufficiently typical of the claims of the Settlement Class as a whole to satisfy Rule 23(a)(3)." *Hochstadt*, 708 F. Supp. 2d at 103; *see also* AC, ¶ 38; *Waldner*, 2023 WL 3466272, at *11 (typically is satisfied when the plaintiffs' "injuries arise from the Defendants' Plan-wide course of conduct and are based on legal theories that would apply to all members of the class.").

### 4. Plaintiffs and Class Counsel Will Adequately Protect the Interest of the Class

The final Rule 23(a) consideration largely overlaps with the discussion in IV.A.2 *supra*, explaining that the proposed Class was, and will continue to be, adequately represented by Plaintiffs and Class Counsel. Additionally, for class certification purposes, "[t]he adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Cohen v. Brown Univ.*, 16 F.4th 935, 945 (1st Cir. 2021) (quoting *Amchem*, 521 U.S. at 625). Accordingly, the adequacy inquiry also overlaps with typicality. *Id.*

Here, Plaintiffs do not have any conflicts with the class, particularly because they are bringing this suit on behalf of the Plan as a whole. *See Evans v. Akers*, 534 F.3d 65, 70 n.4 (1st Cir. 2008) ("those who bring suit do so on behalf of the plan and the plan takes legal title to any recovery"). Indeed, "because the crux" of ERISA breach of fiduciary duty cases, "hinges on whether defendants acted imprudently with respect to the Plan and not the investments of individual participants, this Court [should] find[] no substantial intra-class conflict in the proposed class." *Tracey v. MIT*, No. 16-cv-11620, 2018 WL 5114167, at * 6 (D. Mass. Oct. 19, 2018); *see also*; *Waldner*, 2023 WL 3466272, at *18 (finding adequacy satisfied where "[plaintiffs'] claims under ERISA are based on the same legal theory as those of the purported class.").

As discussed, Capozzi Adler is also adequate Class Counsel and has the resources and experience to represent the Class in this suit. The undersigned has nearly two decades of litigating ERISA fiduciary breach lawsuits. *See Gyandoh* Decl., ¶¶ 34-45. Capozzi Adler has been successful at the motion to dismiss and motion for summary judgment phases of litigation, as well as in appealing ERISA cases across the country. *Id*., ¶¶ 34-3-45. Capozzi Adler has also accomplished many successful settlements, recovering millions of dollars for its clients and class members. *Id*., ¶¶ 34-3-45. Plaintiffs and Class Counsel are adequate class representatives, as demonstrated by the Gyandoh Declaration and attached Plaintiffs' declarations. *See Id*., ¶¶ 46-51; Norton Decl., ¶ 6; Louis Decl., ¶ 6; Mitchell Decl., ¶ 6; Bartlett Decl., ¶ 6; and Cordahi Decl., ¶ 6.

### B.    The Class May Be Properly Certified Under Rule 23(b)(1)

"Most ERISA class action cases are certified under Rule 23(b)(1)." *Sacerdote v. New York Univ*., No. 16-cv-6284, 2018 WL 840364, at *6 (S.D.N.Y. Feb. 13, 2018); *see also In re Schering Plough Corp. ERISA Litig*., 589 F.3d at 604; *Hochstadt*, 708 F.Supp. 2d at 105-06; *Hawkins*, 2024 WL 3982210, at *6 (certifying a proposed settlement class in an analogous ERISA excessive RKA

fee case, because "the requirements of both Rule 23(b)(1)(A) and (B) have both been met.");
*Vellali v. Yale Univ.*, 333 F.R.D. 10, 18 (D. Conn. 2019) (same).

### 1. Certification Under Rule 23(b)(1)(B) is Most Appropriate

Many courts have utilized Rule 23(b)(1)(B) in certifying classes in analogous cases because it is particularly suited for cases alleging the breach of fiduciary obligations to plaintiffs. Indeed, the Advisory Committee Notes to Rule 23 explicitly instruct that certification under Rule 23(b)(1)(B) is appropriate in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." FED. R. CIV. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment); *see also Hochstadt*, 708 F. Supp. 2d at 105 (same, listing cases). Here, the Amended Complaint alleges breaches of fiduciary duties under ERISA. Therefore, the only remedy available to participants in the Plan is Plan-wide relief, including the restoration of losses, making Rule 23(b)(1)(B) certification the most appropriate. *See*, *e.g.*, *McDonald v. Lab'y Corp. of Am. Holdings*, No. 22-cv-680, 2024 WL 4513580, at *7 (M.D.N.C. Oct. 17, 2024) ("Plaintiff[s] bring[] a claim on behalf of Plan participants and the recovery he seeks is on behalf of the Plan. Separate adjudication of these claims by individual Plan members could substantially 'impair or impede' other Plan members who may bring claims. Rule 23(b)(1)(B)."); *Waldner*, 2023 WL 3466272, at *19; *Diaz*, 2021 WL 2414580, at *4.

### 2. Certification is Also Appropriate Under Rule 23(b)(1)(A)

Rule 23(b)(1)(A) may also be used in this case because Defendants were obligated to treat all class members (as participants) alike in discharging their fiduciary duties to the Plan. *See*, *e.g.*, *Vellali*, 333 F.R.D. at 18 (certifying class under Rule 23(b)(1)(A), because "the defendants owe a

fiduciary duty to all participants in the Plan under 29 U.S.C. § 1104(a)(1). Allowing approximately 18,000 individual class members to pursue this action would [in Plaintiffs' view] create a risk of different adjudications as to whether the defendants breached their duties as alleged and how to measure damages."); *Jones v. Novastar Financial, Inc.*, 257 F.R.D. 181, 194 (W.D. Mo. 2009) ("Rule 23(b)(1)(A) certification is particularly appropriate" because "the central questions concerning whether the fiduciaries breached their duties to the Plan are not individual.").

## VII.    CONCLUSION

The Parties propose the Fairness Hearing be scheduled at least 120 days after entry of the Preliminary Approval Order to provide the Settlement Class with fair notice and the opportunity to be heard, as well as to provide notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715. The submitted proposed preliminary approval order sets forth the proposed schedule of events which are subject to the Court's approval. For the reasons set forth above, the Settlement meets the standard for preliminary approval under Rule 23.

Dated: April 17, 2025                          Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*

Mark K. Gyandoh, Esquire
James A. Maro, Esquire
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4101
Email: markg@capozziadler.com
            jamesm@capozziadler.com

**MUHIC LAW LLC**
Peter A. Muhic, Esquire
923 Haddonfield Road, Ste. 300

Cherry Hill, NJ 08002
Telephone: (856) 242-1802
Facsimile: (717) 233-4101
Email: peter@muhiclaw.com

*Counsel for Plaintiffs and Class Counsel for the Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 17, 2025, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.


By:  *<u>Mark K. Gyandoh</u>*
       Mark K. Gyandoh, Esq.