## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK NORTON, DASHKA LOUIS, CAROLINE MITCHELL, NANCY BARTLETT and AZILDA CORDAHI, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> MASS GENERAL BRIGHAM INCORPORATED, THE BOARD OF DIRECTORS OF MASS GENERAL BRIGHAM INCORPORATED, THE INVESTMENT COMMITTEE OF MASS GENERAL BRIGHAM INCORPORATED and JOHN DOES 1-30. <br><br> Defendants. | **CIVIL ACTION NO.:** <br> 1:22-cv-10045-MJJ |

## DECLARATION OF MARK K. GYANDOH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF FORM AND MANNER OF SETTLEMENT NOTICE, AND SCHEDULING OF A FAIRNESS HEARING

I, Mark K. Gyandoh, Esquire, as Class Counsel, declare as follows:

1. I am a member in good standing of the bars of the Commonwealth of Pennsylvania and State of New Jersey, and I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify competently thereto.

2. I am a partner and chair of the Fiduciary Practice Group at Capozzi Adler, P.C., and have been the lead attorney for my law firm in this litigation representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

*Procedural History*

3. Following several months of investigation, including engaging consulting experts, Plaintiffs, Mark Norton, Dashka Louis, Caroline Mitchell, Nancy Bartlett, and Azilda Cordahi,

1

filed a Complaint on January 13, 2022 against several Defendants (ECF No. 1) and an Amended Complaint ("AC") on April 18, 2022 (ECF No. 22). The Defendants are Mass General Brigham Incorporated ("Mass General"), the Board of Directors of Mass General Brigham Incorporated (the "Board"), and the Investment Committee of Mass General Brigham Incorporated (the "Committee"). *See id*.

4.  Plaintiffs alleged, *inter alia*, that throughout the Class Period, Defendants violated their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by, among other things, allowing assets of the consolidated 403(b) Program of Partners HealthCare and Member Organization Plan prior to May of 2020, and now known as the Consolidated 403(b) Program of Mass General Brigham and Member Organization (the "Plan") to be wasted on unreasonable recordkeeping and administration ("RKA") expenses.

5.  On May 16, 2022, Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 22).

6.  On May 31, 2022, Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 29). Defendants filed a Reply in support of their motion to dismiss on June 17, 2022 (ECF No. 33).

7.  On March 15, 2023, the Court denied Defendants' motion to dismiss (ECF No. 69).

8.  On April 17, 2023, Defendants filed a Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and their supporting Memorandum (ECF Nos. 72, 73).

9.  Defendants filed their Answer to Plaintiffs' Amended Complaint on April 19, 2023 (ECF No. 74).

10. Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Certify Interlocutory Appeal on May 1, 2023 (ECF No. 75). Defendants filed their Reply on May 22, 2023 (ECF No. 78).

11. On July 20, 2023, the Court issued its Order Denying Motion to Certify Interlocutory Appeal (ECF No. 82).

12. On August 15, 2023, the Parties filed a Joint Motion to Stay Pending Mediation (ECF No. 87). The Court granted the stay on August 15, 2023 (ECF No. 88).

13. The Parties scheduled mediation before a third-party mediator, David Geronemus, Esquire, of JAMS on November 16, 2023.

14. On November 30, 2023, the Parties filed a Joint Status Report and Motion to Extend Stay, stating they were unsuccessful in resolving the matter (ECF No. 90). The Court granted the stay on December 1, 2023 (ECF No. 91).

15. On January 2, 2024, the Parties filed a Joint Status Report and Motion to Extend Stay, stating that they had continued to engage in settlement discussions (ECF No. 92). The Court granted the stay on January 3, 2024 (ECF No. 93). The Parties participated in a second scheduled mediation with David Geronemus on January 24, 2024.

16. On February 6, 2025, the Parties filed a Joint Status Report, informing the Court that a settlement had been reached in principle and requested the stay remain in effect until March 13, 2025, at which time Plaintiffs will file their unopposed motion for preliminary approval (ECF No 114). The Court approved the stay and directed the Parties to file their unopposed motion for preliminary approval on or before March 13, 2025. (ECF No. 115).

*Discovery Practice*

17. On May 3, 2021, prior to filing suit, Plaintiffs requested numerous documents and information from Defendants pursuant to Section 104(b)(4) of ERISA.

18. Defendants responded to Plaintiffs' request on May 13, 2021.

19. On April 17, 2023, Plaintiffs served their first set of interrogatories and first request for production of documents.

20. On April 20, 2023, Plaintiffs served Initial Disclosures.

21. On October 26, 2023, November 10, 2023, and in December of 2024 Mass General provided Plaintiffs with numerous documents for mediation purposes.

*Settlement Negotiations*

22. The Parties first attempted to settle this matter on November 16, 2023, via a voluntary mediation with David Geronemus, who is well-versed and experienced in mediating ERISA matters. The Parties exchanged mediation memoranda with each other and Mr. Geronemus ahead of the mediation session. Although the November 16, 2023 mediation did not result in a settlement, it did provide each party with an understanding of the other party's respective strengths and weaknesses.

23. On January 30, 2025, the Parties engaged in another mediation session with David Geronemus. The Parties exchanged supplemental mediation statements ahead of the mediation. The mediation resulted in the Parties' reaching a settlement in principle.

24. Before the mediation, Plaintiffs estimated damages to be $27,771,081 based on the difference between what the Plan paid in RKA fees and what a reasonable fee would be in light of the Plan's circumstances and prevailing marketplace throughout the Class Period. Also, Plaintiffs estimated an additional $12,938,913 in damages based on the Plan also paying asset-based charges to TIAA-CREF for recordkeeping services for TIAA-CREF investments held by participants.

Defendants maintained that the Plan's fiduciaries carried out prudent processes and all of the Plan's fees were reasonable during the Class Period.

25. On February 6, 2025, the Parties filed a Joint Status Report and informed the Court that a settlement had been reached in principle. (ECF No. 114). The Parties then continued to discuss the final details of the settlement agreement.

26. The Parties agreed to settle this matter for $8,250,000.00. The Settlement Agreement is attached hereto as Exhibit 1. Based on the aforementioned negotiations and exchange of information, the Parties were able to negotiate a fair settlement.

27. It is Plaintiffs' Counsel's opinion that the proposed settlement is fair and reasonable.

### *The Settlement Terms*

28. The Settlement provides Mass General will pay eight million two-hundred and fifty thousand dollars ($8,250,000.00)– the Gross Settlement Amount – to be allocated to participants on a *pro rata* basis pursuant to the proposed Plan of Allocation (*see* Exhibit C to Settlement Agreement) in exchange for releases and dismissal of this action (described in Article 7 of the Settlement Agreement).

29. The Gross Settlement Fund will be used to pay the participants' recoveries, administrative expenses to facilitate the Settlement, and Plaintiffs' Counsel's attorneys' fees and costs, and Class Representatives' Case Contribution Awards if awarded by the Court.

30. The Class Members include all individuals in the Settlement Class, or:

> [A]ll persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

*See* Settlement Agreement, Section 1.48.

31.     The Net Settlement Amount will be allocated to each Class Member in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members. *See* Plan of Allocation at II.C. Former Participants who are entitled to a distribution of $9.99 or less (the Former Participant De Minimis Amount) will not receive a distribution from the Net Settlement Amount. *Id.* at II.D.  Former Participants shall be paid directly by the Settlement Administrator by check.  *Id*. at II.F.

32.     Class Counsel intends to seek to recover their attorneys' fees not to exceed $2,749,725.00 (33 1/3% of the Gross Settlement Amount). *See* Settlement Agreement, Section 6.1. Class Counsel also will seek reimbursement for reasonable litigation costs and expenses they advanced during the Action which also shall be recovered from the Gross Settlement Amount. *Id.* Additionally, Class Counsel intends to seek Class Representatives' Case Contribution Awards in an amount not to exceed $7,500 for each Plaintiff, Mark Norton, Dashka Louis, Caroline Mitchel, Nancy Bartlett, and Azilda Cordahi. *Id*.

33.     Defendants also intend to retain an Independent Fiduciary to approve and authorize the settlement on behalf of the Plan. *See* Settlement Agreement, Sections 1.26. The fees and expenses of the Independent Fiduciary, not to exceed $25,000, will be paid from the Gross Settlement. *Id.*, Section 1.3.

### *Counsel's Experience*

34.     I received both my J.D. (2001) and LLM in trial advocacy (2011) from Temple University School of Law.  While at Temple, I was the research editor for the Temple International and Comparative Law Journal.  After law school I clerked for a year with the Hon. Dennis J. Braithwaite of the New Jersey State Appellate Court.

35. I have been litigating ERISA fiduciary breach lawsuits for 20 years, first at my prior firm of Kessler Topaz Meltzer & Check, LLP (KTMC), and currently at Capozzi Adler where, as noted above, I am a partner and chair of the Fiduciary Practice Group. Over my career I have been actively involved in many high-profile ERISA class actions. For example, I was one of the lead attorneys for plaintiffs in *Fifth Third Bancorp, et al., v. Dudenhoeffer, et al.*, 573 U.S. 409, 134 S. Ct. 2459 (2014), a seminal Supreme Court decision that clarified the unwavering duties owed by fiduciaries to pension plan participants. *See* biography at https://capozziadler.com/mark-k-gyandoh-esquire/.

36. The ERISA team at Capozzi consists of several seasoned senior and junior attorneys as well as a support staff which includes paralegals and other paraprofessionals who assist in the practice.

37. My partner James Maro is an experienced litigator who has assisted the Fiduciary Practice Group prosecute and settle multiple millions of dollars' worth of ERISA cases. He is a 2000 graduate of Villanova University Charles Widger School of Law and has a diverse litigation background *See* biography at https://capozziadler.com/james-a-maro-esquire/.

38. My partner James Wells is an experienced litigator who has assisted the Fiduciary Practice Group prosecute and settle multiple millions of dollars' worth of ERISA cases. He is a 1998 graduate of Temple University School of Law and has a diverse litigation background, including representing plaintiffs in claims under the Fair Labor Standards Act, whistleblowers in cases under the False Claims Act, and defendants in criminal matters. *See* biography at https://capozziadler.com/james-a-wells-esquire/.

39. Peter Muhic, of Muhic Law, LLC, partners with my firm's Fiduciary Practice Group to prosecute ERISA cases. He is an accomplished trial lawyer who has tried complex cases

7

to verdict in federal and state courts throughout the country. He has extensive experience litigating cases under ERISA, FLSA, RICO, and products liability statutes, and has served as co-lead counsel numerous nationwide class action cases.

40. Capozzi Adler has significant resources with three office locations. We have been serving clients for over 25 years offering a full range of legal services. I and my firm have been lead or co-lead interim counsel in dozens of ERISA breach of fiduciary duty actions. Capozzi Adler was appointed class counsel in the following matters: *Sweet v. Advance Auto Stores Co., Inc.*, No. 21-cv-549, 2023 WL 3959779 (W.D. Va. June 9, 2023); *Huang, v. TriNet HR III, Inc.*, No. 20-cv-2293, 2022 WL 13631836 (M.D. FL. Oct. 21, 2022); *Stengl v. L3Harris Techs., Inc.*, No. 22-cv-572, 2023 WL 11932263 (M.D. Fla. June 5, 2023); *Lucas, v. MGM Resorts International*, 20-cv-01750 (D. Nev. Oct. 20, 2022) (ECF 112); *Nunez, v. B. Braun Medical, Inc.*, No. 20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69); *Boley v. Universal Health Servs., Inc.*, 337 F.R.D. 626 (E.D. Pa. 2021); *McCool v. AHS Mgmt. Co., Inc.*, No. 19-cv-01158, 2023 WL 2729161 (M.D. Tenn. Mar. 30, 2023) (appointing Capozzi Adler as Class Counsel).

41. The firm strives to obtain the best results for class members in every circumstance. We have successfully defeated motions to dismiss similar allegations in numerous actions. *See, e.g., Brown v. MITRE Corp.,* No. 22-cv-10976, 2023 WL 2383772 (D. Mass. Mar. 6, 2023); *Seibert v. Nokia of Am. Corp.,* No. 21-cv-20478, 2024 WL 2316551 (D.N.J. May 22, 2024); *Kendall et al v. Pharmaceutical Product Development, LLC*, No. 20-cv-00071, 2021 WL 1231415 (E.D.N.C. March 31, 2021) (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for recordkeeping); *Stengl v. L3Harris Techs., Inc.*, No. 22-cv-572, 2023 WL 2633333 (M.D. Fla. Mar. 24, 2023); *Parmer v. Land O'Lakes, Inc*., 518 F. Supp. 3d 1293 (D. Minn. 2021); *Davis v. Magna Int'l of America, Inc.*, No. 20-cv-11060, 2021 WL

1212579 (E.D. Mich. March 31, 2021) (same); *Jones v. Coca-Cola Consolidated, Inc.*, No. 20-cv-00654, 2021 WL 1226551 (W.D.N.C. March 31, 2021) (same); *McCool v. AHS Management Company, Inc.*, No. 19-cv-01158, 2021 WL 826756 (M.D. Tenn. March 4, 2021) (same); *Garnick v. Wake Forest Univ. Baptist Med. Ctr.,* 629 F. Supp. 3d 352 (M.D.N.C. 2022); *In re Medstar ERISA Litig.*, No. 20-cv-1984, 2021 WL 391701 (D. Md. Feb. 4, 2021) (same); *Silva v. Evonik Corp.*, 2020 WL 12574912 (D.N.J. Dec. 30, 2020) (same); *Moore v. Humana, Inc.*, No. 21-cv-232, 2022 WL 20766504, at *3 (W.D. Ky. Dec. 2, 2022); *Pinnell, v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-5738, 2020 WL 1531870 (E.D.Pa. Mar. 31, 2020); *Peterson v. Insurance Services Office, Inc.*, No. 20-cv-13223, 2021 WL 1382168 (D.N.J. Apr. 13, 2021); *Rosenkrantz v. Altru Health System*, 20-cv-168, 2021 WL 5868960 (Dec. 10, 2021).

42. We have also been successful at the appellate level resulting in the reversal and remand of wrongly dismissed actions. *See e.g., See e.g., Kruchten, v. Ricoh USA, Inc.*, No. 23-1928, 2024 WL 3518308 (3rd Cir. Jul. 24, 2024) (reversing dismissal of ERISA excessive fee action); *Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342 (5th Cir. Apr. 11, 2024) (same); *Kong et al. v. Trader Joe's Co.*, No. 20-56415, 2022 WL 1125667 (9th Cir. Apr. 15, 2022) (same); *Davis et al. v. Salesforce.com. Inc. et al.*, No. 21-15867, 2022 WL 1055557 (9th Cir. Apr. 8, 2022) (same). Conversely, we have successfully obtained affirmance of correctly decided cases. *See, e.g., Hawkins et al. v. Cintas Corp.*, No. 21-3156 (6th Cir. Apr. 27, 2022) (upholding denial of motion to compel arbitration in ERISA case).

43. My firm has also engaged in successful settlement negotiations and mediations in ERISA actions, recovering millions of dollars for its clients and class members. *See, e.g., Peterson v. Insurance Services Office, Inc.*, No. 3:20-cv-13223 (D.N.J. May 22, 2024) (recovered $4,000,000.00 class settlement); *Hawkins v. Cintas Corp.*, No. 19-cv-1062, 2024 WL 3982210

(S.D. Ohio Aug. 27, 2024) (same); *Garnick v. Wake Forest Univ. Baptist Med. Ctr.,* 1:21-cv-00454 (M.D.N.C. July 2, 2024) (recovered $3,800,000.00 class settlement); *McNeilly v. Spectrum Health System*, Civil Action No. 1:20-cv-00870 (W.D. Mich. 2023) (recovered $6,000,000.00 class settlement); *Buescher, v. Brenntag North America, Inc.,* No. 5:20-cv-00147 (E.D. Pa. 2020) (recovered $2,300,000.00 class settlement); *Davis v. Magna Int'l of Am., Inc.*, No. 20-11060, 2025 WL 66052, at *1 (E.D. Mich. Jan. 10, 2025) (recovered $2,900,00 settlement); *Pinnell, et al., v. Teva Pharmaceuticals USA, Inc., et al.*, No. 19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2,550,000.00 after successful mediation); *Dean v. Cumulus Media, Inc.*, Civil Action No. 22-cv-04956 (N.D. Ga. 2023) (recovered $1,000,000.00 settlement); *Loomis v. Nextep, Inc*., Civil Action No.: 21-cv-00199 (W.D. Okla. 2023) (recovering $1,100,000.00); *Freck v. Cerner Corp., et al.*, No. 20-cv-00043 (W.D. Mo. 2020) (recovered $4,050,000.00 class settlement); *Gerken v. ManTech Int'l Corp.*, No. 20-cv-01536 (E.D. Va. 2020) (recovered $1,200,000.00 class settlement).

44. Capozzi Adler also has the resources and commitment to deploy those resources on behalf of the proposed class in this case and has in fact done so as evidenced by our litigation efforts to date, including conducting discovery and attending mediation.

45. Given my years of experience in this field of law, including trying an analogous case to an unfavorable verdict for plaintiffs *Nunez v. B. Braun Med., Inc*., No. 20-4195 (E.D. Pa. Aug. 18, 2023), I believe the settlement achieved in this case is adequate and certainly reasonable and fair.

### *Plaintiffs Are Adequate Class Representatives*

46. Each of the Named Plaintiffs support the Settlement and have submitted declarations attesting to the work they have done on this matter.

47. Attached as Exhibit 2 is the Declaration of Mark Norton in Support of the Settlement.

48. Attached as Exhibit 3 is the Declaration of Dashka Louis in Support of the Settlement.

49. Attached as Exhibit 4 is the Declaration of Caroline Mitchell in Support of the Settlement.

50. Attached as Exhibit 5 is the Declaration of Nancy Bartlett in Support of the Settlement.

51. Attached as Exhibit 6 is the Declaration of Azilda Cordahi in Support of the Settlement.

### *Authority Supporting Appropriateness of Class Certification*

52. Having litigated almost exclusively ERISA breach of fiduciary duty actions over my career it is my experience that the types of claims asserted in this action are typically certified.

53. Attached hereto as Exhibit 7 is a non-exhaustive list of more than seventy-five decisions from around the country in which courts certified classes in ERISA breach of fiduciary duty actions, like the instant action, including several decisions certifying classes in "excessive fee" suits.

I declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 17th day of April, 2025, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire

*Proposed Class Counsel*